## APPEAL OF OTTO A. ALTSCHUL.

Docket No. 5407.   Decided October 13, 1926.

*Samuel P. Gurman, Esq.*, for the petitioner.

*W. S. Delaney, Esq.*, and *W. Frank Gibbs, Esq.*, for the Commissioner.

Deficiency of $6,543.70 income tax for 1919, based upon the disallowance of alleged inventory losses and loss on plant and machinery.

### FINDINGS OF FACT.

The petitioner is a resident of Chicago, Ill. In July, 1918, he organized the Purity Packing Co., a partnership. He owned a one-third interest in the partnership and during its existence was its treasurer and the only active partner.

In the early part of 1919 the partnership was engaged in the business of preparing roast beef in cans for the United States Army. For this purpose it had installed a large amount of machinery and equipment. The Army's allotment to the partnership for March, 1919, was canceled, and no more orders were received. The partnership started preparing goods for domestic commerce. This involved the manufacture of a varied line of twenty or thirty items in different sizes and packages. About three-quarters of the machines they had for the Army work were useless for the domestic trade.

The Army in 1919 placed its surplus stores on the market at greatly reduced prices and thus made it impossible for petitioner to operate at a profit. The business was run at a loss, but it was not discontinued because the petitioner thought that he could more readily dispose of it by keeping it apparently active.

At the close of the year 1919, due to the inability of the partnership to sell goods and the continued operation of the business, a large stock of goods had accumulated. Much of it had started to spoil. All these goods were carried on the books at cost in order that a good showing might be made.

When making out the income-tax return for the year, petitioner took as a deduction from inventory an arbitrary figure of $61,432.23 below that shown on the books, which he figured would about represent the loss due to shrinkage, spoilage, and obsolescence.

### OPINION.

STERNHAGEN: The petitioner presented two points as the grounds of his proceeding. He deducted $61,432.23 as an inventory loss at the close of the year, and now complains that the Commissioner should not have disallowed this deduction. An unnecessarily long record is made up largely of general testimony as to the conditions of the business and its vicissitudes at the close of the war. But this is of little or no help in determining the precise question before the Board. It appears that the petitioner carried his inventory at cost and continued to do so throughout the year. Notwithstanding this, he guessed that at the close of the year the goods on hand were worth something less than cost, and although he made no reducing

entry on his books he nevertheless deducted what he admits to be an arbitrary amount of $61,432.23 on his income-tax return. Such a haphazard deduction can have no place in the determination of net income. If and when the merchandise was disposed of at less than cost the loss would be deductible, but the petitioner's unsupported guess as to a shrinkage in value is obviously not deductible.

The second alleged error was the refusal of the Commissioner to allow a deduction for losses on plant. The evidence does not support the petitioner's allegation.

> *Judgment will be entered for the Commissioner.*